ROGERS, Circuit Judge,
concurring in part and dissenting in part.
Although I am in substantial agreement with the majority opinion, I dissent from the portion of the decision affirming the denial of summary judgment as to Dr. Tobias. The plaintiffs’ allegations as they relate to Dr. Tobias do not rise to the level of wantonness or recklessness, and Dr. Tobias is entitled to immunity under § 2744.03(A)(6)(b) of the Ohio Revised Code.
Although the facts of this case are gruesome, the shocking details should not render any and all people in Condon’s orbit liable simply because hindsight proves that something more could have been done or that certain individuals could have been more vigilant. The facts alleged by the plaintiffs simply do not support denying Dr. Tobias the immunity he is presumed to possess under Ohio law.
The plaintiffs do not allege that Dr. Tobias was at the initial meeting where Condon’s plans for an art book were discussed. The plaintiffs themselves acknowledge that Parrott failed to share with personnel at the coroner’s office that the planned video project had been can-celled and that “Condon remained a welcome figure at the morgue” throughout 2000. It is undisputed that Dr. Tobias’s superiors told him that Condon was allowed access to the morgue. The plaintiffs acknowledge that Dr. Tobias was “the lowest person in the Coroner’s office.” The plaintiffs have not disputed that Dr. Tobi-as, after seeing a photo taken by Condon in January 2001, told Condon to show the photograph to someone at the coroner’s office and that Condon complied by showing the photo to Dr. Utz. The plaintiffs simply claim that this was not enough.
Given Dr. Tobias’s role and position in the coroner’s office, I cannot conclude that the summary judgment evidence permits the conclusion that Dr. Tobias acted in such a way that he should be denied immunity under Ohio law. Tobias may have been negligent. Tobias probably could have done more or spoken out to his superiors. However, the fact that Dr. Tobias acted in a way he thought commensurate with his level of authority at the coroner’s office, an admittedly negligible level of authority, does not render his actions reckless or wanton. Dr. Tobias’s actions were consistent with those of a lower-rung employee with little or no authority over the operation of the coroner’s office, who possessed a reasonable belief that those in charge approved of Condon’s presence at the morgue. Dr. Tobias did not ban Con-don from the morgue, but he did not have the authority to do so; it is undisputed that he was unaware of the cancellation of the project for which Condon was initially retained and demanded what he thought he could of Condon when he questioned the propriety of the photos.
Nor should Dr. Tobias’s actions of developing the death scene photos at Condon’s studio strip Dr. Tobias of his statutory immunity. It is undisputed that Dr. Tobias *807 was using a camera borrowed from the coroner’s office and that the coroner’s office did not have film processing facilities. If Dr. Tobias had permission to borrow the film camera from the coroner’s office and the coroner’s office did not have processing facilities, it was entirely reasonable for Dr. Tobias to take the film somewhere for processing. Given Dr. Tobias’s entirely reasonable perception that Condon was a trusted individual at the coroner’s office, it was likewise reasonable for Dr. Tobias to take the film to Condon’s studio rather than the corner drug store.
Dr. Tobias’s actions simply do not reveal that he acted with a perverse disregard of a known risk or with consciousness that his conduct would, in all probability, result in injury. Therefore, he should have been granted summary judgment on the grounds of statutory immunity.